UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER W., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 20 CV 132 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Heather W. brings this action for judicial review of the Social Security Administration's (SSA) decision denying her application for benefits. For the following reasons, plaintiff's request to reverse and remand the SSA's decision [16][2] is granted, the Acting Commissioner of Social Security's motion for summary judgment [22] is denied, and this case is remanded to the agency for further administrative proceedings.

**Procedural Background**

In August 2016, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of November 29, 2015. [10-1] 13. The claim was denied initially and on reconsideration. [*Id.*]. Plaintiff requested a hearing, which was held by an administrative law judge (ALJ) on June 28, 2018. [*Id.*] 36-124. In a decision dated November 30, 2018, the ALJ found that plaintiff was not disabled and denied her application. [*Id.*] 13-28. The Appeals Council denied review on November 5, 2019 [*id.*] 1-5, making the ALJ's decision the agency's final decision. 20 C.F.R. §§ 404.955 & 404.981. Plaintiff timely appealed to this Court

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [10-1], which refer to the page numbers in the bottom right corner of each page.

[1], and the Court has subject-matter jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g).[3]

## Legal Standard

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a sequential five-step inquiry: (1) whether the claimant is unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairments; (4) whether the claimant is unable to perform her past relevant work; and (5) whether the claimant is unable to perform any other available work in light of her age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). But the standard "is not entirely uncritical. Where the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *1 (N.D. Ill. June 29, 2021) (internal quotation marks and citation omitted).

## Discussion

At step one of his decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. [10-1] 15-16. At step two, the ALJ determined that plaintiff suffered from four severe impairments: bipolar disorder affective disorder, generalized anxiety disorder, Crohn's disease, and hyperthyroid disorder. [*Id.*] 16-17. At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. [*Id.*] 17-19. Before turning to step four, the ALJ

---

[3] The parties consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [7].

found that plaintiff had the residual functional capacity (RFC) to perform light work except that plaintiff (1) was unable to work at heights, climb ladders, or frequently negotiate stairs; (2) should avoid operation of moving or dangerous machinery; (3) was limited to simple routine tasks involving no more than simple, short instructions and simple work-related decisions; and (4) should have only occasional interaction with the general public. [*Id.*] 19-26. At step four, the ALJ found that plaintiff could not perform her past relevant work as a dental assistant, receptionist, or waitress. [*Id.*] 26. At step five, the ALJ ruled that jobs existed in significant numbers in the national economy that plaintiff could perform, including office helper, mail sorter, and stock checker. [*Id.*] 27-28. The ALJ accordingly found that plaintiff was not disabled.

Plaintiff argues that the ALJ's decision should be reversed and remanded because (1) the ALJ's mental RFC determination was not supported by substantial evidence because (a) it did not include a limitation for plaintiff's inability to handle moderate work pressure and stress; (b) restricting plaintiff to simple routine work did not adequately account for her moderate limitations in concentration, persistence, or pace; and (c) the ALJ did not explain his conclusion that plaintiff was capable of occasional interactions with the public; (2) the ALJ did not explain how limiting plaintiff to jobs that did not require her to work at heights, climb ladders, or frequently negotiate stairs would accommodate plaintiff's need to frequently use the bathroom; and (3) the ALJ's subjective symptom analysis was patently erroneous. [16] 2-15.

The Court agrees that the mental RFC determination is not supported by substantial evidence.[4] Although the ALJ gave great weight to the opinions of consulting psychologist Kenneth Levitan, *see* [10-1] 28, the ALJ did not include in the RFC determination any limitation corresponding to Levitan's opinion that plaintiff "would have difficulty handling moderate work pressure and stress." [*Id.*] 840. This was reversible error because the vocational expert (VE) testified that "difficulty handling . . . moderate level work pressure and work stress" would preclude plaintiff from competitive work and relegate her to "a non-competitive work setting" or require "job coaching[.]" [*Id.*] 113.

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012).

Dr. Levitan examined plaintiff in January 2017 and prepared a report discussing plaintiff's history of mental illness and her current mental status. [10-1] 837-840. Based on his examination, Levitan diagnosed plaintiff with bipolar affective disorder, chronic alcoholism, and chronic alcohol and drug abuse. [*Id.*] 840. Dr.

---

[4] Consequently, the Court need not reach plaintiff's other grounds for remand.

3

Levitan opined that plaintiff "could perform simple and routine tasks," "would have difficulty handling moderate work pressure and stress," "could communicate with coworkers and supervisors," and "could follow, understand, and retain most instructions." [*Id.*].

The ALJ found that Dr. Levitan had "performed a thorough objective mental examination and subsequently provided a highly specific as well as well-reasoned assessment of the claimant's ability to perform fulltime mental work activities." [10-1] 24. "Most importantly," the ALJ continued, "Dr. Levitan's opinions are consistent with both his clinical observation notes as well as the medical evidence of record as a whole[.]" [*Id.*]. The ALJ therefore gave "great weight to the opinions provided in Dr. Levitan's independent psychological consultative examination." [*Id.*]. Although the ALJ recognized that Levitan opined that plaintiff would have difficulty handling moderate work pressure and stress [*id.*], he did not explain how he weighed this specific opinion or whether he credited or rejected it. Nor did the ALJ include a corresponding limitation in either the hypothetical questions that he posed to the VE, *see* [*id.*] 103-07, or in his RFC determination, *see* [*id.*] 19-26.

The ALJ erred by failing to explain why, despite giving great weight to Dr. Levitan's opinions, he did not include in the RFC determination a limitation corresponding to Levitan's opinion that plaintiff would have difficulty handling moderate work pressure and stress. An ALJ "must explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v. Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2 (N.D. Ill. Mar. 22, 2022) (internal quotation marks omitted). To be sure, "[a]n ALJ is not required to credit every part of a medical opinion just because he credits one part." *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *3 (N.D. Ill. May 31, 2022) (internal quotation marks omitted). But the ALJ was required to explain why he adopted some of Dr. Levitan's findings, such as his opinion that plaintiff could perform simple and routine tasks, but did not adopt others. *See id.* (remanding where ALJ gave considerable weight to state agency reviewer's opinions but did not explain why she did not adopt mental limitation identified by reviewer that was more restrictive than mental limitations in the RFC determination); *Diaz v. Berryhill*, No. 16 C 11149, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017) (remanding for new RFC determination where ALJ gave some weight to state agency psychologists' opinions but did not explain why RFC omitted psychologists' recommendation that plaintiff be restricted to 1-2 step tasks).

This error was not harmless because the VE testified that a claimant who had difficulty with moderate work pressure and stress could not perform competitive work:

> Q: Okay. Let me go back to hypothetical number one and add this limitation . . . Let's say the hypothetical individual is described as

4

> having difficulty handling moderate work pressure and stress. So let me ask you a question. Is there a way vocationally for you to describe the amount of work pressure and stress in those three occupations that you gave?
>
> A: Well, to begin with, there's a certain amount of stress that's associated with having to be some place every day and on time. And to put in a full work effort.
>
> Q: Yeah.
>
> A: And that's at the level of stress associated with having a full-time, competitive job. Work pressure, again, that's on a scale. Obviously highly-skilled jobs, the pressure is greater, particularly if there's deadlines. The jobs I identified don't have hard, fast deadlines, but there is the normal pressure associated with completing a workday in a satisfactory fashion and not being distracted. So, if a person has difficulty handling at the moderate level work pressure and work stress, it's just that this person is going to need maybe job coaching, a non-competitive work setting, would suggest that.

[10-1] 112-13.

The VE's testimony suggests that, had the ALJ credited Dr. Levitan's opinion respecting work pressure and stress and included a corresponding limitation in the RFC determination, the ALJ would have found plaintiff to be disabled. Yet the ALJ did not address this testimony or otherwise explain how his ruling at step five was consistent with the evidence of plaintiff's difficulty handling moderate work pressure and stress. The case must therefore be remanded so that the ALJ can consider these issues in the first instance.

Defendant's arguments for upholding the ALJ's decision lack merit.

Defendant contends that, although Dr. Levitan opined that "moderate work pressure and stress were an issue, plaintiff would be alright if she were limited to simple and routine tasks." [23] 10. In other words, defendant maintains that Levitan expressed the view that plaintiff would not experience work pressure or stress if she were restricted to performing simple and routine tasks. The Court rejects this argument for three reasons. First, the ALJ failed to evaluate Levitan's opinion about work pressure and stress, and so the ALJ could not have interpreted it to mean that plaintiff could avoid pressure and stress by performing only simple, routine tasks. Defendant's argument is thus a post-hoc justification for the ALJ's decision, and the Court cannot affirm on that ground. *See Lothridge v. Saul*, 984 F.3d 1227, 1234-35

5

(7th Cir. 2021) ("The Commissioner proposes that the ALJ implicitly rejected that evidence by imposing no limitations beyond restricting Lothridge to simple tasks and decisions. But this attempt to supply a post-hoc rationale for the ALJ's decisive findings runs contrary to the *Chenery* doctrine."). Second, defendant's argument is inconsistent with the VE's testimony that "there's a certain amount of stress" associated with all jobs because of the need "to be some place every day and on time. And to put in a full work effort." [10-1] 113. Third, the argument makes Dr. Levitan's opinion superfluous: if plaintiff would not experience any work pressure or stress while performing only simple, routine tasks, why would Levitan have bothered to point out that plaintiff faced difficulties handling work pressure and stress? A less tortured reading of Dr. Levitan's opinion is that, while plaintiff could perform simple, routine tasks, she would also face difficulty handling moderate work pressure and stress. Ultimately, however, it will be for the ALJ to consider and weigh this opinion in the first instance on remand.

Defendant also argues that the VE's testimony that a person with difficulty handling moderate work pressure and stress would require a non-competitive work environment "was far from equivocal [*sic*]." [23] 10-11. According to defendant, the VE was "clearly saying that difficulty handling work pressure and stress *could* require a non-competitive setting," not that it *would* require non-competitive work. [*Id.*] 11 (emphasis in original). Defendant then argues that "it is not at all clear that the jobs identified by the [VE], which 'don't have hard and fast deadlines,' could not be done by plaintiff." [*Id.*] (quoting [10-1] 113). Again, defendant's argument fails for multiple reasons. While the Court is convinced that there is nothing ambiguous about the VE's testimony, it was the ALJ's responsibility to evaluate and weigh this testimony in making his step-five ruling. As already discussed, however, the ALJ ignored this issue. Furthermore, even if the VE's testimony did not conclusively establish that difficulties with moderate work pressure or stress would preclude competitive employment, this would not help defendant because defendant had the burden of proof at step five. *See Wargula v. Saul*, Case No. 20 C 568, 2021 WL 1962414, at *5 (N.D. Ill. May 17, 2021) ("The Commissioner bears the step-five burden of establishing that the claimant can perform other work that exists in significant numbers in the national economy."). The VE's testimony raises, at a minimum, a substantial question about the ability of a claimant with difficulty handling moderate work pressure and stress to work as an office helper, mail sorter, or stock checker, but the ALJ's failed to address–let alone answer–that question. Because it is not possible to conduct meaningful appellate review of the ALJ's step-five ruling–especially when the ALJ failed to explain why he did not adopt Dr. Levitan's opinion respecting plaintiff's difficulty handling work pressure and stress– the case must be remanded for further proceedings.

## Conclusion

For the reasons set forth above, plaintiff's request to reverse and remand the decision of the SSA [16] is granted, and the Acting Commissioner's motion for summary judgment [22] is denied. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 22, 2022**